Katherine F. Parks, Esq.
Nevada Bar No. 6227
Thorndal Armstrong, PC
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
Tel: (775) 786-2882
kfp@thorndal.com
Attorney for Defendants
CHURCHILL COUNTY JUSTICE OF THE PEACE BENJAMIN TROTTER and
CHURCHILL COUNTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SARAH TRACY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CHURCHILL COUNTY JUSTICE OF THE PEACE BENJAMIN TROTTER; and CHURCHILL COUNTY, a political subdivision of the State of Nevada,<br><br>Defendants. | Case No.   3:24-cv-00288-ART-CSD<br><br>**ANSWER TO COMPLAINT** |

COMES NOW Defendants CHURCHILL COUNTY JUSTICE OF THE PEACE BENJAMIN TROTTER and CHURCHILL COUNTY, by and through their attorneys Thorndal Armstrong, PC, and in answer to Plaintiff's Complaint, hereby admit, deny and allege as follows:

**FIRST DEFENSE**

**PARTIES**

1. Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, upon such basis, deny said allegations.

2. Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendants admit that Defendant Trotter was and is a resident of the City of Fallon, Churchill County Nevada. The remainder of the allegations in Paragraph 3 call for legal

- 1 -

conclusions, not facts, to which no response is required. To the extent Paragraph 3 is deemed to contain factual allegations, Defendants deny said allegations.

4. Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

**JURISDICTION AND VENUE**

5. Paragraph 5 of Plaintiff's Complaint calls for a legal conclusion, not facts, to which no response is required. To the extent Paragraph 5 is deemed to contain factual allegations, these Defendants deny said allegations.

6. Paragraph 6 of Plaintiff's Complaint calls for a legal conclusion, not facts, to which no response is required. To the extent Paragraph 6 is deemed to contain factual allegations, these Defendants deny said allegations.

7. Paragraph 7 of Plaintiff's Complaint calls for a legal conclusion, not facts, to which no response is required. To the extent Paragraph 7 is deemed to contain factual allegations, these Defendants deny said allegations.

8. Paragraph 8 of Plaintiff's Complaint calls for a legal conclusion, not facts, to which no response is required. To the extent Paragraph 8 is deemed to contain factual allegations, these Defendants deny said allegations.

9. Paragraph 9 of Plaintiff's Complaint calls for a legal conclusion, not facts, to which no response is required. To the extent Paragraph 9 is deemed to contain factual allegations, these Defendants deny said allegations.

**ALLEGATIONS OF FACT**

10. Defendants admit that Tracy began working for Churchill County on or about May 12, 2003. Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 10 and, on that basis, deny same.

11. Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

1       12.     Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Complaint.

2       13.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint and, upon such basis, deny said allegations.

14.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and, upon such basis, deny said allegations.

15.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and, upon such basis, deny said allegations.

16.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and, upon such basis, deny said allegations.

17.     Defendants admit the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendants admit that in 2019, Trotter started working at the Justice Court and deny the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Defendants admit the allegations contained in the first sentence of Paragraph 19. Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations in the second sentence of Paragraph 19 and, upon such basis, deny the remaining allegations in Paragraph 19.  Defendants deny the allegations in the third sentence of Paragraph 19.

20.     Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint and, upon such basis, deny said allegations.

1  22. In response to Paragraph 22 of Plaintiff's Complaint, Defendants admit that Tracy sent an email to persons associated with Churchill County Human Resources complaining about various issues regarding her employment in January of 2024. The remaining allegations in Paragraph 22 of Plaintiff's Complaint call for a legal conclusion, not facts, to which no response is required. To the extent Paragraph 22 is deemed to contain factual allegations, these Defendants deny said allegations.

23. Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 23 of Plaintiff's Complaint and, upon such basis, deny said allegations. Defendants deny the remaining allegations contained in Paragraph 23.

24. Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and, upon such basis, deny said allegations.

25. In response to Paragraph 25 of Plaintiff's Complaint, Defendants admit the Ben Trotter sent Tracy a text message of the morning of March 11, 2024, asking her to come to the office. Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 25 of Plaintiff's Complaint and, upon such basis, deny said allegations.

26. In response to Paragraph 26 of Plaintiff's Complaint, Defendants admit that Trotter and Geof Stark met with Tracy and provided Tracy with a letter of termination which explained the reasons for her termination.

27. Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint and, upon such basis, deny said allegations.

28. Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint and, upon such basis, deny said allegations.

29. Defendants admit that Trotter informed Tracy that she had to gather her things and leave the premises before other staff arrived. Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations and, on such basis, deny said allegations.

30. Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint and, upon such basis, deny said allegations.

31. Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint and, upon such basis, deny said allegations.

32. Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Paragraph 33 of Plaintiff's Complaint calls for a legal conclusion, not facts, to which no response is required. To the extent Paragraph 33 is deemed to contain factual allegations, these Defendants deny said allegations.

## CLAIMS FOR RELIEF

### First Claim For Relief

**Retaliation Based on Exercise of Right to Free Speech in Violation of 42 U.S.C. §1983**

**(Against Trotter)**

34. In answer to Paragraph 34 of Plaintiff's Complaint, Defendants repeat and reallege each and every answer to Paragraphs 1 through 33 as though fully set forth herein at length.

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

**Second Claim For Relief**

**Retaliation Based on Exercise of Right to Free Speech in Violation of the Nevada Constitution**

**(Against Trotter)**

45. In answer to Paragraph 45 of Plaintiff's Complaint, Defendants repeat and reallege each and every answer to Paragraphs 1 through 44 as though fully set forth herein at length.

46. Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

1   49.   Defendants deny the allegations contained in Paragraph 49 of Plaintiff's
2   Complaint.
3   50.   Defendants deny the allegations contained in Paragraph 50 of Plaintiff's
4   Complaint.
5   51.   Defendants deny the allegations contained in Paragraph 51 of Plaintiff's
6   Complaint.
7   52.   Defendants deny the allegations contained in Paragraph 52 of Plaintiff's
8   Complaint.
9   53.   Defendants deny the allegations contained in Paragraph 53 of Plaintiff's
10  Complaint.
11  54.   Defendants deny the allegations contained in Paragraph 54 of Plaintiff's
12  Complaint.
13  55.   Defendants deny the allegations contained in Paragraph 55 of Plaintiff's
14  Complaint.

**Third Cause of Action**

**42 U.S.C. 1983 – Monell Claim**

**(Against Churchill County)**

18  56.   In answer to Paragraph 56 of Plaintiff's Complaint, Defendants repeat and
19  reallege each and every answer to Paragraphs 1 through 55 as though fully set forth herein at
20  length.
21  57.   Paragraph 57 of Plaintiff's Complaint calls for a legal conclusion, not facts, to
22  which no response is required.  To the extent Paragraph 57 is deemed to contain factual
23  allegations, these Defendants deny said allegations.
24  58.   Defendants deny the allegations contained in Paragraph 58 of Plaintiff's
25  Complaint.
26  59.   Paragraph 59 of Plaintiff's Complaint calls for a legal conclusion, not facts, to
27  which no response is required.  To the extent Paragraph 59 is deemed to contain factual
28  allegations, these Defendants deny said allegations.

60. Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint.

**SECOND DEFENSE**

Plaintiff's Complaint on file herein fails to state a claim against these Defendants upon which relief may be granted.

**THIRD DEFENSE**

At all times and places alleged in Plaintiff's Complaint, the negligence, misconduct, and fault of Plaintiff exceeds that of these Defendants, if any, and Plaintiff is thereby barred from any recovery against these Defendants.

**FOURTH DEFENSE**

The occurrence referred to in Plaintiff's Complaint, and all damages, if any, arising therefrom, were caused by the acts or omissions of a third person or persons over whom these Defendants had no control.

**FIFTH DEFENSE**

It has been necessary for Defendants to employ the services of an attorney to defend this action, and a reasonable sum should be allowed Defendants as and for attorney's fees, together with its costs expended in this action.

### SIXTH DEFENSE

Upon information and belief, Plaintiff may have failed to mitigate her damages.

### SEVENTH DEFENSE

Plaintiff is estopped from asserting any cause of action whatever against these Defendants.

### EIGHTH DEFENSE

Plaintiff, by her acts and conduct, has waived and abandoned any and all claims as alleged herein against these Defendants.

### NINTH DEFENSE

Defendants' alleged actions or omissions were taken with due care in the execution of the statutes and regulations, and, therefore, Defendants are statutorily immune from this action.

### TENTH DEFENSE

Defendants' alleged actions or omissions occurred in the exercise or performance of discretionary functions and duties, and, therefore, Defendants are statutorily immune from this action.

### ELEVENTH DEFENSE

An award of punitive damages against Defendants would be violative of the Fifth Amendment of the United States Constitution in that there is no assurance against multiple, unrestrained punishment in the form of punitive damages. Such an award of punitive damages would be violative of the double jeopardy provisions of the Nevada Constitution, Art. I, §8.

### TWELFTH DEFENSE

An award of punitive damages against Defendants would be violative of the due process clause of the United States Constitution, the Fourteenth Amendment, §1, and violative of the due process clause of the Nevada Constitution, Art. I, §8.

### THIRTEENTH DEFENSE

An award of punitive damages against Defendants would constitute an undue burden upon interstate commerce and violate the interstate commerce clause of the United States Constitution, Art. I, §8.

### FOURTEENTH DEFENSE

An award of punitive damages against Defendants would constitute an excessive fine violative of the Nevada Constitution, Art. I, §7.

### FIFTEENTH DEFENSE

An award of punitive damages against Defendants should be barred since Plaintiff cannot establish that Defendants had an "evil mind" and "conducted themselves in an aggravated and outrageous manner."

### SIXTEENTH DEFENSE

The burden of proof on punitive damages should be by clear and convincing evidence.

### SEVENTEENTH DEFENSE

No custom or policy existed in Churchill County which caused a violation of Plaintiff's Constitutional rights.

### EIGHTEENTH DEFENSE

Plaintiff is barred from the recovery of punitive damages against Churchill County pursuant to 42 U.S.C. §1988.

### NINETEENTH DEFENSE

Plaintiff did not engage in public speech on a matter of public concern.

### TWENTIETH DEFENSE

Plaintiff's claim is barred by her failure to exhaust administrative remedies.

### TWENTY-FIRST DEFENSE

The individual Defendants are immune from suit under the doctrine of absolute immunity.

### TWENTY-SECOND DEFENSE

The individual Defendants are immune from suit under the doctrine of qualified immunity.

### TWENTY-THIRD DEFENSE

Plaintiff may have suffered from a pre-existing injury or condition and is not entitled to compensation therefor.

**TWENTY-FOURTH DEFENSE**

The damages recoverable against these Defendants, if any, are limited by the provisions of NRS 41.035.

**TWENTY-FIFTH DEFENSE**

Plaintiff's medical care and/or treatment, if any, is not and was not necessary or related to the incident that forms the basis of Plaintiff's Complaint on file herein.

**TWENTY-SIXTH DEFENSE**

Plaintiff's medical charges, if any, are not and were not reasonable or customary.

**TWENTY-SEVENTH DEFENSE**

Pursuant to FRCP Rule 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendants' Answer, and therefore, Defendants reserve the right to amend this Answer to allege additional affirmative defenses if subsequent investigation so warrants.

WHEREFORE, Defendants pray:

1. That Plaintiff's Complaint be dismissed with prejudice and that she take nothing thereby;

2. That Defendants be awarded a reasonable attorney's fees and costs of suit; and,

3. For such other and further relief as this Court deems just and proper.

DATED this 6th day of August, 2024.

THORNDAL ARMSTRONG, PC

By:   */s/ Katherine Parks*
KATHERINE F. PARKS, ESQ.
Nevada Bar No. 6227
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
Attorney for Defendants
CHURCHILL COUNTY JUSTICE OF THE PEACE BENJAMIN TROTTER and CHURCHILL COUNTY

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of Thorndal Armstrong, PC, and that on this date I caused the foregoing ANSWER TO COMPLAINT to be served on all parties to this action by:

_____ placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail at Reno, Nevada.

__X__ United States District Court CM/ECF system

_____ personal delivery/Reno Carson Messenger Service

_____ electronic means (facsimile or electronic mail)

_____ Federal Express/UPS or other overnight delivery

fully addressed as follows:

Luke Busby, Esq.
316 California Ave., #82
Reno, NV 89509
*Attorney for Plaintiff*

DATED this 6th day of August, 2024.

/s/ Laura Bautista
An employee of Thorndal Armstrong, PC